UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRADLEY,<br><br>          Plaintiff,<br><br>     v.<br><br>J. VILLA, et al.,<br><br>          Defendants. | 1:10-cv-01618-LJO-GSA-PC<br><br>ORDER DIRECTING CLERK TO FILE SECOND AMENDED COMPLAINT WHICH WAS LODGED ON DECEMBER 27, 2010<br>(Doc. 13.) |

William Bradley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 8, 2010. (Doc. 1.) On December 1, 2010, Plaintiff filed the First Amended Complaint. (Doc. 12.) On December 27, 2010, Plaintiff lodged a Second Amended Complaint.[1] (Doc. 13) The issue here is whether Plaintiff may file a Second Amended Complaint at this stage of the proceedings.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Here, because Plaintiff has already amended the complaint once, Plaintiff requires leave of court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices

---

[1] Although Plaintiff has entitled the lodged amended complaint "First Amended Complaint," this is Plaintiff's proposed Second Amended Complaint for this action.

1

1  the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is
2  futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to
3  amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting
4  Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

5        Plaintiff submitted the proposed Second Amended Complaint less than one month after he filed
6  the First Amended Complaint. The Court has made a cursory review of the Second Amended Complaint
7  and finds no gross irregularities. The Court now has before it, for screening, the First Amended
8  Complaint and the lodged Second Amended Complaint.[2] Because the Court has not screened the First
9  Amended Complaint or thoroughly reviewed the Second Amended Complaint, and as the Plaintiff seeks
10 to amend the First Amended Complaint, the Court finds good cause to allow Plaintiff to proceed with
11 the Second Amended Complaint. The Court finds no evidence that Plaintiff seeks to amend in bad faith,
12 or that allowing the amendment prejudices the defendants, produces an undue delay in the litigation, or
13 is futile. Therefore, the Court shall allow Plaintiff to file a Second Amended Complaint at this stage of
14 the proceedings, and the Second Amended Complaint shall supercede the First Amended Complaint.
15 See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

16       Accordingly, based on the foregoing, it is HEREBY ORDERED that:
17       1.    Plaintiff is granted leave to file a Second Amended Complaint;
18       2.    The Clerk is DIRECTED to file the Second Amended Complaint which was lodged by
19            Plaintiff on December 27, 2010; and
20       3.    The Court shall screen the Second Amended Complaint in due time.
21
22   IT IS SO ORDERED.
23   Dated:   December 8, 2011          /s/ Gary S. Austin
                                             UNITED STATES MAGISTRATE JUDGE
24
25
26 _____
27   [2] The Court is required to screen complaints brought by prisoners, such as Plaintiff, seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).
28                     2