UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRADLEY,<br><br>    Plaintiff,<br><br>    vs.<br><br>J. VILLA, et al.,<br><br>    Defendants. | 1:10-cv-01618-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT<br>(Doc. 30.) |

**I.    BACKGROUND**

William Bradley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. §1983.  Plaintiff filed the Complaint commencing this action on September 8, 2010.  (Doc. 1.)  This case now proceeds on Plaintiff's Third Amended Complaint filed on September 14, 2012, against defendant Villa for use of excessive force, and defendants Hightower, Henderson, and Wood for failure to protect Plaintiff, in violation of the Eighth Amendment.[1]  (Doc. 19.)

On October 25, 2013, Plaintiff filed a request for entry of default against defendants Villa, Hightower, Henderson, and Wood ("Defendants").  (Doc. 118.)

---

[1] Plaintiff states in the Third Amended Complaint that he "wish[es] to proceed only against defendant L.Villa (Officer) for excessive force, and against defendants Hightower (Sgt.), Wood (Capt.) and Henderson (Lt.) for failure to protect Plaintiff."  3rd Amd Cmp at 1:25-2:1.

1

## II.     ENTRY OF DEFAULT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, default may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

## III.    DISCUSSION

Plaintiff argues that Defendants failed to file a timely response to the Third Amended Complaint, in violation of Rules 55 and 12(a) of the Federal Rules of Civil Procedure. Plaintiff acknowledges that on August 30, 2013, the court granted Defendants an extension of time until October 11, 2013, in which to file a response. However, Plaintiff argues that Defendants failed to file a response by October 11, 2013. The record in this action shows otherwise. On October 11, 2013, Defendants filed a motion to dismiss the complaint. (Doc. 29.) Based on this record, there is no evidence that Defendants failed to plead or otherwise defend against the Third Amended Complaint, and Plaintiff is not entitled to entry of default against Defendants on this ground.

Plaintiff is advised that the fact that Defendants have not filed an Answer in this action does not entitle Plaintiff to entry of default. Under Rule 55, default may be entered if a defendant "fails to plead *or otherwise defend*." Fed. R. Civ. P. 55 (emphasis added). The filing of a motion to dismiss is evidence that Defendants have defended in this action, precluding entry of default under Rule 55. Therefore, Plaintiff's request shall be denied.

///

///

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default against Defendants, filed on October 25, 2013, is DENIED.

IT IS SO ORDERED.

Dated: **November 1, 2013**            **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE