UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRADLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>VILLA, et al.,<br><br>        Defendants. | 1:10-cv-01618-LJO-GSA-PC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS ENTERED ON MARCH 4, 2014<br>(Doc. 41.)<br><br>ORDER DISREGARDING PLAINTIFF'S RESPONSE TO THE FINDINGS AND RECOMMENDATIONS AS MOOT<br>(Doc. 42.) |

      William Bradley ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 8, 2010.  (Doc. 1.)  This case now proceeds on the Third Amended Complaint filed by Plaintiff on September 14, 2012, against defendant Correctional Officer (C/O) L. Villa for use of excessive force in violation of the Eighth Amendment, and against defendants Sergeant (Sgt.) J. Hightower, Lieutenant (Lt.) S. Henderson, and Captain (Cpt.) Wood (collectively, four "Defendants") for failure to intercede and protect Plaintiff, in violation of the Eighth Amendment.  (Doc. 19.)

      On October 11, 2013, Defendants filed an unenumerated Rule 12(b) motion to dismiss on the ground that Plaintiff failed to exhaust the available administrative remedies, together with a Rule 12(b)(6) motion to dismiss for failure to state a claim.  (Doc. 29.)  On November

25, 2013, Plaintiff filed an opposition to the motions. (Doc. 34.) On December 18, 2013, Defendants filed a reply to Plaintiff's opposition. (Doc. 38.) On March 4, 2014, findings and recommendations were entered, recommending that Defendants' unenumerated Rule 12(b) motion be denied, and Defendants' Rule 12(b)(6) motion be granted in part, with leave to amend. (Doc. 41.) The parties were granted thirty days in which to file objections to the findings and recommendations. (Id.) On March 26, 2014, Plaintiff filed a response to the findings and recommendations. (Doc. 42.)

On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion. Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). Following the decision in Albino, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino, 2014 WL 1317141, at *4 (quotation marks omitted). An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. Id.

Accordingly, in light of the decision in Albino, it is HEREBY ORDERED that:

1. The findings and recommendations entered on March 4, 2014, are VACATED; and
2. Plaintiff's response to the findings and recommendations, filed on March 26, 2014, is DISREGARDED as moot.

IT IS SO ORDERED.

Dated: **April 11, 2014**            **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE