UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRADLEY,<br><br>            Plaintiff,<br><br>     vs.<br><br>J. VILLA, et al.,<br><br>            Defendants. | 1:10-cv-01618-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT:<br><br>  (1) DEFENDANTS' UNENUMERATED RULE 12(b) MOTION BE DENIED ON PROCEDURAL GROUNDS, WITHOUT PREJUDICE,<br><br>       AND<br><br>  (2) DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM BE GRANTED IN PART, WITH LEAVE TO AMEND<br><br>(Doc. 29.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.      BACKGROUND**

William Bradley ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 8, 2010. (Doc. 1.) This case now proceeds on the Third Amended Complaint filed by Plaintiff on September 14, 2012, against defendant Correctional Officer (C/O) J. Villa for use of excessive force in violation of the Eighth Amendment, and against defendants Sergeant (Sgt.) J. Hightower, Lieutenant (Lt.) S. Henderson, and Captain (Cpt.) Wood (collectively, four "Defendants") for failure to intercede and protect Plaintiff, in violation of the Eighth Amendment. (Doc. 19.)

On October 11, 2013, Defendants filed an unenumerated Rule 12(b) motion to dismiss this action for failure to exhaust administrative remedies, and a Rule 12(b)(6) motion to dismiss for failure to state a claim. (Doc. 29.) On November 25, 2013, Plaintiff filed an opposition to the motions. (Doc. 34.) On December 18, 2013, Defendants filed a reply. (Doc. 38.) Defendants' motions to dismiss are now before the court.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), presently incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California. The events at issue in the operative Third Amended Complaint allegedly occurred at Kern Valley State Prison in Delano, California (KVSP), when Plaintiff was incarcerated there. Plaintiff names as defendants C/O J. Villa, Sgt. J. Hightower, Lt. S. Henderson, and Cpt. Wood. Defendants are all correctional officials employed by the CDCR at KVSP.

The events giving rise to this lawsuit occurred on February 18, 2010. As Plaintiff was walking toward the plaza gate to an appointment at KVSP, C/O Villa stopped Plaintiff and told him to tuck his shirt into his pants. Plaintiff told Villa that he could not comply with the order because of a spinal brace. Plaintiff lifted up his shirt to show C/O Villa the brace. Villa ordered Plaintiff to "[g]o back to your building or cuff it up." (3rd Amd Cmp, Doc. 19 at 5:16-17.) Plaintiff asked to speak to the Sergeant. Villa approached Plaintiff and ordered him to cuff up. Plaintiff told Villa that he had a waist chain chrono.

As Plaintiff attempted to retrieve the chrono from a manila folder, Villa "grabbed Plaintiff's right arm 'aggressively' [and] Plaintiff then stated 'I have medical chrono to substantiate my waist chain chrono.'" (3rd Amd Cmp at 5:23-26.) Villa stepped forward, and at the same time Villa grabbed Plaintiff's right arm and yanked down. "As a result of these actions, Plaintiff fell down, and split his lip, & left side of jaw area (against the concrete), deep abrasions on right hand, severe spinal pain lower region, and deep cuts on knee area, right leg." (3rd Amd Cmp at 6:3-7.)

///

Plaintiff alleges that while on the ground and offering no resistance, he was hit "three times about the head" by C/O Villa, while Sgt. Hightower, Lt. Henderson, and Cpt. Wood watched.  (3rd Amd Cmp at 6:9-10.)  Plaintiff yelled for help and for medical care "for being stabbed in the back area with cuffs, causing extreme spinal spasms and pains and discomforts." (3rd Amd Cmp at 6:14-17.)  Plaintiff alleges that he suffered "strained ligaments, and soft tissue damage, active bleeding, on lip & jaw area, abrasion & scratches, and spinal and back pain." (3rd Amd Cmp at 6:18-22.)

### III.  UNENUMERATED RULE 12(b) MOTION TO DISMISS

Defendants have brought an unenumerated Rule 12(b) motion to dismiss the claims against them on the ground that Plaintiff failed to exhaust the available administrative remedies.  42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b).

On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion.  Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc).  Following the decision in Albino, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment.  Albino, 2014 WL 1317141, at *4 (quotation marks omitted).  An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion.  Id.

In light of the decision in Albino, Defendants' unenumerated Rule 12(b) motion should be denied on procedural grounds, without prejudice.

### IV.  RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.  The first step in testing the sufficiency of the complaint is to identify any conclusory allegations.  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

555 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotation marks omitted). Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id.

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556).

A. **Defendants' Motion**

Defendants argue that defendant C/O Villa did not use excessive force against Plaintiff, and at most, any force was *de minimus*. Defendants also argue that defendants Hightower, Henderson, and Wood were not deliberately indifferent to Plaintiff's health and safety.

1. **Excessive Force – Eighth Amendment Claim**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis*

injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

**Defendants' Position**

With respect to Plaintiff's excessive force claim, Defendants argue that defendant C/O Villa's conduct was a mere *de minimus* use of force. Defendants cite cases in which courts found that (1) a single blow to the back of the head while a prisoner was handcuffed during a transport, requiring only treatment by a non-prescription medication, did not constitute excessive force;[1] (2) striking plaintiff in the back of the neck and kicking his ankle is a mere *de minimus* use of force;[2] (3) hitting an inmate in the back because he is not moving fast enough does not amount to a violation of the Eighth Amendment;[3] and (4) allegations of bumping, grabbing, elbowing, and pushing plaintiff do not approach an Eighth Amendment claim.[4]

---

[1] Olson v. Coleman, 804 Supp. 148, 150 (D. Kansas 1992).

[2] Jackson v. D. D. Hurley, 1993 U.S. Dist. LEXIS 16954 (N.D. Cal. Nov. 24, 1993).

[3] Turner v. Contra Costa Cnty., 1997 U.S. Dist. LEXIS 21512 (N.D. Cal. Nov. 6, 1997).

[4] Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997.)

Defendants argue that Plaintiff mischaracterized defendant Villa's grabbing of his arm as an "attack," and that defendant Villa merely grabbed Plaintiff's arm as he was reaching into his manila folder, in order to prevent any possible perceived assault on correctional staff. In addition, Defendants argue that Plaintiff's alleged injuries from the fall were not readily apparent.

### Plaintiff's Position

In his opposition, Plaintiff argues that defendant C/O Villa used excessive force in violation of the Eighth Amendment because during the incident at issue, Plaintiff was not a threat to defendant, defendant knew Plaintiff was extremely disabled, and defendant "yanked him down with force," causing Plaintiff to fall to the pavement, splitting his lip, causing Plaintiff to suffer "deep abrasions. . , . . severe lower spinal pains, and deep cuts on [his] knee area and right leg, while on [the] ground with [cuffs forced] in [his] back area." (Opp'n, Doc. 34 at 7-8.) Plaintiff also alleges that he was hit three or four times about the head by defendant Villa. (Id. at 8.) Plaintiff alleges that he was forced to remain on the pavement on his stomach, cuffed in back, for at least 45 minutes, causing him to suffer excruciating pain. (Id.)

### Discussion

The court looks to Plaintiff's allegations in the Third Amended Complaint, taking as true any of Plaintiff's well-pleaded factual allegations. Plaintiff alleges that when he was unable to comply with Villa's order to tuck in his shirt, Villa aggressively "yanked down" on his arm, causing him to fall to the pavement, splitting his lip and causing "deep abrasions" on his right hand, "severe spinal pain," and "deep cuts" on his knee. (3rd Amd Cmp at 6:3-7.) Even if defendant Villa grabbed Plaintiff to prevent an assault on correctional staff, according to Plaintiff's allegations there appears no justification for defendant Villa hitting Plaintiff three times in the head after he was prone on the pavement. Once Plaintiff was on the ground, cuffed behind his back and offering no resistance, there would appear to be no further need to apply force to restore discipline. Defendants' argument that Plaintiff's alleged injuries from the fall were not readily apparent is not persuasive. The Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries. Hudson, 503 U.S. at 8. Therefore,

the court finds that Plaintiff states a cognizable claim in the Third Amended Complaint against defendant C/O Villa for use of excessive force.

### 2. Failure to Protect – Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health . . . .'" Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37. An officer can be held liable for failing to intercede only if he had a "realistic opportunity" to intercede. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial

evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

### Defendants' Position

Defendants argue that Plaintiff's allegation that defendants Hightower, Wood, and Henderson "ignored Plaintiff's cry and anguish which he expressed loudly and agonizingly clear" is not enough to show that the defendants were deliberately indifferent. Defendants argue that Plaintiff's statement is vague and amounts to nothing more than baseless speculation. Defendants also argue that Plaintiff's complaint is devoid of any allegations that the officers were aware of and disregarded any excessive risk to Plaintiff's safety. Defendants argue that Plaintiff's allegation that the defendants were present in the vicinity of the alleged incident of *de minimus* force, alone, does not demonstrate that they knew of an excessive risk to Plaintiff's safety.

### Plaintiff's Position

In opposition, Plaintiff argues that defendants Hightower, Wood, and Henderson (Supervisory Officers) were present when he was beaten by C/O Villa and when he was on the ground and on a stretcher, shouting that he was in excruciating pain and has a spinal disc disorder.

### Discussion

The court again looks to Plaintiff's allegations in the Third Amended Complaint, taking as true any of Plaintiff's well-pleaded factual allegations. Plaintiff alleges that defendants Hightower, Wood, and Henderson were present when C/O Villa hit Plaintiff three times about the head when Plaintiff was cuffed and prone on the pavement, and they stood by and watched while Plaintiff suffered and yelled for help.

Plaintiff's allegation that the Supervisory Officers watched while defendant Villa hit Plaintiff three times on the head is sufficient to show that they were aware of a risk of harm to Plaintiff. However, Plaintiff has not alleged facts showing that the risk of harm was excessive. Plaintiff does not describe the forcefulness of the blows to his head or the injuries caused by the blows. Moreover, Plaintiff's allegation that the officers failed to step in and stop the attack, or

assist him when he lay in pain on the ground, is not sufficient to show they deliberately disregarded a risk to his health or safety. Plaintiff also fails to allege sufficient facts showing that the officers had a realistic opportunity to intercede during the assault. Plaintiff has not described whether the three blows were in quick succession, or would have allowed the Supervisory Officers an opportunity to intercede before the assault was over.

Based on the foregoing, the court finds that Plaintiff fails to allege sufficient facts to state a claim against defendants Hightower, Wood, and Henderson for failing to protect him in violation of the Eighth Amendment.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" Therefore, the court should provide Plaintiff with a choice to either proceed only with the excessive force claim against defendant Villa, or file a Fourth Amended Complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

### IV.   CONCLUSION AND RECOMMENDATION

With respect to Defendants' unenumerated Rule 12(b) motion to dismiss for failure to exhaust, the Court finds that the motion should be denied, without prejudice, on procedural grounds, in light of the Ninth Circuit's decision in Albino.

With respect to Defendants' Rule 12(b)(6) motion to dismiss, the court finds that Plaintiff states a cognizable claim against defendant Villa for use of excessive force in violation of the Eighth Amendment, but fails to state a claim against defendants Hightower, Wood, and Henderson for failing to protect him in violation of the Eighth Amendment. Therefore, the motion should be granted in part, and the claims against defendants Hightower, Wood, and Henderson should be dismissed, with leave to amend.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' unenumerated Rule 12(b) motion to dismiss for failure to exhaust remedies be DENIED for procedural reasons, without prejudice to renewal of the motion;

///

2. Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim be GRANTED IN PART;

3. Defendants' motion to dismiss the claims against defendant Villa be DENIED;

4. Defendants' motion to dismiss the claims against defendants Hightower, Wood, and Henderson be GRANTED, with leave to amend; and

5. Plaintiff be granted a choice to either (1) proceed only with the excessive force claim against defendant Villa, or (2) file a Fourth Amended Complaint curing the deficiencies found in the Third Amended Complaint.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 17, 2014**            **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE