UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRADLEY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>J. VILLA, et al.,<br><br>　　　　Defendants. | 1:10-cv-01618-LJO-GSA-PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 44.)<br><br>ORDER DENYING DEFENDANTS' UNENUMERATED RULE 12(b) MOTION ON PROCEDURAL GROUNDS, WITHOUT PREJUDICE<br><br>ORDER GRANTING IN PART DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(Doc. 29.)<br><br>THIRTY-DAY DEADLINE FOR PLAINTIFF TO EITHER:<br><br>　(1)  FILE A FOURTH AMENDED COMPLAINT, OR<br><br>　(2)  NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT VILLA FOR EXCESSIVE FORCE<br><br>ORDER FOR CLERK TO SEND PLAINTIFF A § 1983 COMPLAINT FORM |

　　　William Bradley ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 17, 2014, findings and recommendations were entered, recommending that Defendants' unenumerated Rule 12(b) motion for failure to exhaust remedies be denied on procedural grounds, without prejudice to renewal of the motion, and Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim be granted in part, with leave to amend. (Doc. 44.) On May 15, 2014, Plaintiff filed a separate statement of undisputed facts which the court construes as objections to the findings and recommendations. (Doc. 45.) Defendants did not file objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on April 17, 2014, are ADOPTED IN FULL;
2. Defendants' unenumerated Rule 12(b) motion to dismiss for failure to exhaust administrative remedies is DENIED on procedural grounds, without prejudice to renewal of the motion;
3. Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim is GRANTED IN PART, with leave to amend;
4. The Clerk shall send Plaintiff a § 1983 complaint form;
5. Within thirty days from the date of service of this order, Plaintiff is required to either:
    (1) File a Fourth Amended Complaint curing the deficiencies found by the Magistrate Judge in the Findings and Recommendations of April 17, 2014, or
    (2) Notify the court that he does not wish to file an amended complaint, and instead is willing to proceed only on the excessive force claim against defendant Villa;

6. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "Fourth Amended Complaint" and refer to the case number 1:10-cv-01618-LJO-GSA-PC;[1]

7. Plaintiff's failure to comply with this order shall result in the dismissal of this case; and

8. This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

    Dated:   **May 29, 2014**                     /s/ Lawrence J. O'Neill
                                                                                    UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is reminded that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). The Fourth Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).