1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRADLEY,<br><br>              Plaintiff,<br><br>      vs.<br><br>L. VILLA,<br><br>              Defendant. | 1:10-cv-01618 LJO GSA PC<br><br>FINDINGS AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR SUMMARY JUDMGMENT BE GRANTED AND THIS ACTION BE DISMISSED FOR FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES<br><br>(ECF No. 62)<br><br><br>OBJECTIONS DUE IN THIRTY DAYS |

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Pending before the Court is Defendant's motion for summary judgment.  Plaintiff has opposed the motion.

**I.     Procedural History**.

This action was initiated by civil complaint alleging excessive force in violation of the Eighth Amendment.  Plaintiff, currently in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Corcoran, filed this action, naming as

defendants Correctional Officer (C/O) L. Villa, Sergeant J. Hightower, Lieutenant Henderson, Capt. L. Wood.  The event that gives rise to his lawsuit occurred at Kern Valley State Prison.

Plaintiff alleges that on February 18, 2010, as he was walking toward the plaza gate to an appointment, C/O Villa stopped him and told him to tuck his shirt into his pants.  Plaintiff told Villa that he could not comply with his order because of a spinal brace.  Plaintiff lifted up his shirt to show Villa the brace.  Villa ordered  ordered Plaintiff to "cuff up."  Plaintiff asked to speak to the Sergeant.  Plaintiff told Villa that he had a waist chain chrono.

As Plaintiff attempted to retrieve the chrono from a manila folder, Villa "grabbed Plaintiff's right arm 'aggressively,' Plaintiff then stated 'I have a medical chrono to substantiate my waist chain chrono . . ."  Villa grabbed Plaintiff's right arm and yanked down.  As a result of these actions, Plaintiff fell down and split his lip, struck the left side of his jaw (against the concrete), suffered deep abrasions to his right hand, severe spinal pain in his lower region and deep cuts to his knee and right leg.

Plaintiff alleges that while he was on the ground and offering no resistance, he was hit "three times about the head" by J. Lopez, while Sgt. Hightower, Capt. Wood and Lt. Henderson watched.  Plaintiff yelled for help, and for medical care "for being stabbed in the back area with cuffs, causing extreme spinal spasms and pains and discomforts."  Plaintiff alleges that as a result, he suffered "strained ligaments, and soft tissue damage, active bleeding on lip & jaw area, abrasion & scratches, and spinal and back pain."

Plaintiff amended his complaint twice, and on April 16, 2013, the Court ordered that the third amended complaint stated a claim against Defendants Villa, Wood, Hightower and Henderson.  On October 11, 2013, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) on the ground that Plaintiff failed to exhaust his available administrative remedies pursuant to 42 U.S.C. § 1997e(a) and for failure to state a claim pursuant to Rule 12(b)(6).   On May 29, 2104, an order was entered by the District Court, denying the Rule 12(b) motion on procedural grounds, without prejudice to renewal.  The District Court granted the Rule 12(b)(6) motion in part, with leave to amend.  Plaintiff  was given the option of either filing a fourth amended complaint that cured the deficiencies

identified in the finding and recommendation, or notify the Court that he did not wish to file an amended complaint and intended to proceed only on the excessive force claim against Defendant Villa.  On June 30, 2014, Plaintiff notified the Court that he was willing to proceed against Defendant Villa.  On December 3, 2014, Defendant Villa filed the motion for summary judgment that is before the Court.[1]  On December 29, 2014, Plaintiff filed opposition to the motion.  Defendant filed his reply on January 6, 2015.

## III   Summary Judgment

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a).  Albino v. Baca, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc).  Following the decision in Albino, defendants may raise exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[2] or (2) a motion for summary judgment under Rule 56.  Id.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(e).  Jones, 549 U.S. at 223–24; Lira v. Herrera, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Albino, 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary judgment will not be granted.")  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

---

[1] Along with his motion for summary judgment, Plaintiff was served with the notice required in Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998)(en banc). (ECF No. 62.)

[2] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint."  Albino, 747 F.3d at 1162.

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  The Court may consider other materials in the record not cited to by the parties, but is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).  In judging the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party."  Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).  The Court must liberally construe Plaintiff's filings because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy."  Albino, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Id.  The ultimate burden of proof remains with defendants, however.  Id.  "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts."  Id. at 1166.

The Court takes judicial notice of the fact that the State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."  Cal.Code Regs. tit. 15 § 3084.1(a).  The process is initiated by submitting a CDCR Form 602.  Id. at § 3084.2(a).

At the time of the events giving rise to the present action, California prisoners were required to submit appeals within fifteen working days of the event being appealed, and the process was initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c) (2009).  Four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level.  Id. at § 3084.5 (2009).  A final decision at the third level[3] of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a).  Id. at § 3084.5(d); see Lira v. Herrera, 427 F.3d 1164, 1166 (9th Cir. 2005).  In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

Defendant supports his motion with the declaration of D. Tarnoff and exhibits attached thereto, and exhibits attached to Plaintiff's third amended complaint.  Defendant also submits the declaration of R. Briggs of the Office of Appeals in Sacramento, and exhibits attached thereto.  Defendant also refers to Plaintiff's separate statement of undisputed facts.  D. Tarnoff is assigned as the Appeals Coordinator at Kern Valley State Prison, and is responsible for ensuring that all appeals are processed pursuant to title 15 of the California Code of Regulations.  Regarding the processing of inmate appeals at Kern Valley and Plaintiff's appeals in particular, Tarnoff declares the following:

> Staff in the KVSP Appeals Office have discretion to manage, screen and assign inmate appeals according to the regulations. Staff review the inmate appeals for compliance with the regulations.
>
> > a. If a requirement is not met, the appeal may be rejected and returned to the inmate with instructions on how to correct the procedural issue and resubmit the appeal.  A rejected appeal may later be accepted if the reason for the rejection is corrected and the appeal is returned within thirty days.
> >
> > b. A deficient appeal that cannot be corrected may be cancelled.  Although cancellation terminates the appeal, a cancellation decision can be challenged through a

---

[3] The third level is sometimes known as the Director's level.

separate appeal.  And, a cancelled appeal may later be accepted for processing if it is determined that staff cancelled the appeal in error.

When an inmate appeal meets the regulations, staff assigns it for processing at the institution.  The institution provides the first and second level appeal responses, while the Office of Appeals in Sacramento provides the third, and final level of review.  If an inmate is dissatisfied with an appeal response at one level, he may submit his appeal to the next level of review.  An inmate may not bypass a level of review.

It is the inmate's responsibility to mail an appeal to the Office of Appeals in Sacramento.  The third-level response completes the administrative appeals process and exhausts an inmate's available administrative remedies.  A cancellation or rejection at the third level does not exhaust an inmate's administrative remedies because it is not a decision on the merits of the claim.

KVSP's Appeals Office's records are prepared and maintained by prison staff in the ordinary course of their business.  It is staff's regular practice to prepare records concerning appeals and responses, and put appeal responses in writing.  KVSP's Appeals Office's records are prepared at or near the time of the events described in the records, and are prepared by staff based on their personal knowledge from processing the appeals.  Staff are responsible for ensuring that these records are accurate because they will be relied upon by other staff at the institution and the Office of Appeals.

The completed date shown on the appeals tracking system printout is the date on which staff return the response to the inmate.  It is KVSP's Appeal Office Staff's usual custom and practice to return responses to inmates via institution mail.  On average, once a response is completed and placed in the institution mail, an inmate will receive it in one day.  Staff do not otherwise track when an inmate receives his appeal response back from staff.

I have reviewed KVSP's Appeals Office's records to locate any inmate appeals received from William Bradley (E-48180), relating to his claim that Defendant Villa used excessive force on him on February 18, 2010, and I found two appeals.

A true and correct copy of the KVSP Inmate/Parolee Appeals Tracking System printout for Bradley is attached as Exhibit A, and shows all of the appeals that Bradley submitted to the KVSP's Appeals Office, and also documents the issued responses.

Bradley's first appeal regarding Defendant Villa was assigned log number KVSP-0-10-00662, and was processed at the second level as a staff complaint.  The second level response was issued on May 3, 2010.  The appeal was completed and returned to Bradley on May 4, 2010.

a.  The reviewer found that a confidential inquiry into Bradley's allegation was conducted and staff did not violate Department policy.

b.  My office does not process third-level appeals, but receives copies of the completed third-level responses for tracking purposes.  This appeal did not receive a third-level response.

c.  Bradley did not submit a new appeal alleging that his claim was wrongfully cancelled at the third level.

Bradley's second appeal regarding Defendant Villa, long number KVSP-0-10-00749, was screened out at the first level on April 27, 2010, because it was a duplicate of the previous appeal, KVSP-0-10-00662, which was pending a decision from staff.

(Tarnoff Decl., ¶¶ 8-16.)

R. Briggs, a Correctional Captain at the Office of Appeals, is responsible for processing inmate appeals at the third, and final level of review.  Regarding that appeals process and Plaintiff's appeal in particular, Briggs declares as follows:

When an inmate appeal meets the regulations, staff assigns it to be answered at the institution.  The institution provides the first and second level appeal responses for non-medical appeals, while the Office of Appeals in Sacramento provides the third, and final, level of review for non-medical appeals.  If an inmate is dissatisfied with an appeal response at one level, he may submit his appeal to the next level of review.  An inmate may not bypass a level of review, although some appeals bypass the first level of review.

It is the inmate's responsibility to mail an appeal to the Office of Appeals in Sacramento.  The third-level response completes the administrative appeals process and exhausts an inmate's available administrative remedies.  A cancellation or rejection at the third level does not exhaust an inmate's administrative remedies because it is not a decision on the merits of the claim.

The Office of Appeals' records are prepared and maintained by staff in the ordinary course of their business.  It is staff's regular practice to prepare records concerning appeals and responses, and to write appeal responses.  The Office of Appeals' records are prepared at or near the time of the events described in the records, and are prepared by staff based on their personal knowledge from processing the appeals.  Staff are responsible for ensuring that these records are accurate because they will be relied upon by other Department staff.

I have reviewed the Office of Appeals' records to locate any

7

inmate appeals received from William Bradly (E-48180), relating to his claim that Defendant Villa used excessive force on him on February 18, 2010, at Kern Valley State Prison.  The Office of Appeals has not accepted any appeals from Bradley originating from Kern Valley State Prison, but has screened out and returned two appeals to him.

A true and correct copy of the Office of Appeal's  Inmate/Parolee Appeals Tracking System printout for Bradley is attached as Exhibit A, and shows all of the appeals that Bradley submitted to the Office of Appeals, and what responses were issued.

Bradley's first appeal regarding Defendant Villa, log number KVSP-10-00662, was cancelled on August 20, 2010, because it failed to meet the required time constraints.  Villa did not submit the appeal to the third level within fifteen days of the event or decision being appealed, or of receiving a lower level decision.

It is the Office of Appeals' usual and customary practice to instruct an inmate in his cancellation notice that he can appeal the cancellation decision, and if the appeal on the cancellation is granted, he can resubmit his original appeal.  At the time Bradley submitted his appeal, the Office of Appeals did not retain official copies of screen out letters.  Records show, however, that Bradley did not choose to appeal the cancellation of this appeal.

Bradley's second appeal regarding Defendant Villa, log number KVSP-10-00749, was rejected on June 21, 2010, because it was not processed at the institution before being submitted to the Office of Appeals.

(Briggs Decl., ¶¶ 8-14.)

Defendant's evidence establishes that at the institutional level, Plaintiff's appeal no. KVSP-10-0062 was denied at the second level, and appeal no. KVSP-10-00749 was screened out as a duplicate.  (Tarnoff Decl., ¶¶ 15-16).  Defendant's evidence also establishes that at the Office of Appeals, Plaintiff's appeal no. KVSP-10-0062 was cancelled for failure to meet time constraints, and appeal no. KVSP-10-00749 was rejected for bypassing the institutional level of responses.  (Briggs. Decl. ¶¶ 13-14.)  The evidence establishes, therefore, that there is no material factual dispute over whether Plaintiff exhausted his available administrative remedies because he did not complete all of the available levels of review.     "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . ." Woodford v. Ngo, 548 U.S. 81, 89 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective  . . . appeal," Id. at 2382.  The burden therefore shifts to

Plaintiff to come forward with evidence that establishes a triable issue of fact as to whether he exhausted his available administrative remedies.

In his opposition, Plaintiff argues that Defendant has attempted to "hood-wink" Plaintiff by "submitting documentation within their motion for summary judgment but deliberately failed to add relevant documents which would 'not' add merit to their motion but would substantiate plaintiff's motion for summary judgment." (Opp'n. at 6:1-5.)  Plaintiff refers to his Exhibit H, a copy of a response from the Inmate Appeals Branch regarding appeal no. KVSP-10-00662, indicating that his appeal was cancelled for non-compliance with time constraints. Specifically, the response advises Plaintiff that "an appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving a lower level decision in accordance with CCR 3084.6(c)."  The response is dated August 20, 2010.  Plaintiff also refers to his Exhibit F, a copy of a response from the Inmate Appeals Branch regarding appeal no. KVSP-10-00749, which indicates that "The Inmate Appeals Branch has received an appeal from you which has been rejected for the following reason(s):  The CDC 602, Inmate/Parolee Appeal Form, must have been accepted and completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator."

Plaintiff argues that an administrative remedy is inadequate where prison officials "ignore or interfere with prisoner's pursuit of relief."  Plaintiff refers the Court to legal authority for his proposition.  The Court need not address the merits of Plaintiff's legal argument because Plaintiff has failed to come forward with any evidence that correctional officials in any way hindered Plaintiff's efforts to exhaust his administrative remedies. Plaintiff's Exhibits F and H establish that Plaintiff's grievances were rejected for failure to comply with time constraints and failure to follow proper procedure.  Plaintiff's own exhibits establish that his grievance was not responded to on the merits.  Plaintiff refers the Court to his Exhibits A through H, "which solidifies plaintiff's motion for summary judgment."

Exhibit A is a copy of a handwritten letter from Plaintiff to the "Appeals Supervisor" and dated March 22, 2010, indicating that he filed his appeal and has not received a response and has not received a log number.  Exhibit A also includes a copy of an Inmate Appeal

Assignment Notice, indicating that Plaintiff's appeal regarding "staff complaints" has been assigned log no. KVSP-10-00662, and has been sent for a second level response.  Plaintiff was specifically advised that "if dissatisfied, you have 15 days from the receipt of the response to forward your appeal for THIRD level review."  Plaintiff was provided with the mailing address for the Chief of Inmate Appeals.  The notice is dated April 5, 2010.   Exhibit A also includes an identical notice regarding appeal no. KVSP-10-00749, dated April 15, 2010.  Plaintiff's Exhibit C is a copy of the screen-out of Plaintiff's second appeal, log no. KVSP-10-00749, establishing that Plaintiff "submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2)).  Exhibit B is an unauthenticated, handwritten notice from Plaintiff to the Appeals Office indicating that he had not received a second level response for grievance no. KVSP-10-00662.   Plaintiff's Exhibit G is a copy of the response to grievance no. KVSP-10-00662 as the institutional level, dated May 3, 2010.  The grievance was denied and Plaintiff was specifically informed that "if you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review.  Once a decision has been rendered at the Director's Level of review, your administrative remedies will be considered exhausted."  Plaintiff's Exhibit H, as noted above, establishes that Plaintiff failed to timely file his appeal at the Director's Level of Review.

Plaintiff also argues generally that the CDCR does not allow prisoners to exhaust their appeals.  Defendant correctly argues that this claim is contradicted by Plaintiff's administrative appeals tracking history, which shows an extensive history of utilizing the appeals process and receiving third level responses.  (Briggs Decl., Ex. 6.)  Plaintiff's argument that his appeals were disregarded or not responded to is belied by the undisputed evidence.  Plaintiff received two letters from the Office of Appeals, which advised him of the status of his appeals.  (Briggs Decl. ¶¶ 13-14, Ex. 6.)

IV.   **Conclusion**

Defendant has come forward with evidence that establishes, without dispute, that Plaintiff has failed to exhaust his available administrative remedies prior to filing suit.  Plaintiff

has not come forward with evidence to the contrary.  Plaintiff's evidence establishes that his grievances were dismissed as untimely and duplicative.  Plaintiff has not, therefore, exhausted his available administrative remedies.

Accordingly, IT IS HEREBY RECOMMENDED that Defendant's motion for summary judgment be granted, and this action be dismissed for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  Within twenty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1394(9th Cir. 1991)).


IT IS SO ORDERED.

Dated:  __June 2, 2015__          _____/s/ Gary S. Austin_____
                                      UNITED STATES MAGISTRATE JUDGE